UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 22-61889-CIV-ALTMAN/HUNT

KIMBERLY MAUS, et al.,

    Plaintiffs,

v.

CITY OF FORT LAUDERDALE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Plaintiffs' Motion to Strike Certain Affirmative Defenses ("Motion"), ECF No. 20. The Honorable Roy K. Altman referred the Motion to the undersigned for a report and recommendation. See ECF No. 23; 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the record, the Motion, Response and Reply thereto, the applicable law, and being otherwise fully advised in the premises, the undersigned **recommends** that Plaintiffs' Motion, ECF No. 20, be **DENIED** for the reasons set forth below.

## BACKGROUND

Kimberly Maus, Luan Malushi, Richard Fortunato, and Francisco Vetancourt (collectively "Plaintiffs") brought this action against the City of Fort Lauderdale ("the City") asserting violations of the Florida Civil Rights Act of 1992 ("FCRA") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq,* ("Title VII"). ECF No. 6. Plaintiffs allege that the violations occurred during the promotion process while they were employed with the Fort Lauderdale Police Department ("FLPD"). ECF No. 6.

After Plaintiffs filed the Amended Complaint, the City filed its Answer and Affirmative Defenses.  ECF No. 14.  Plaintiffs now ask this Court to strike nearly all of the City's affirmative defenses.  ECF No. 20.  The City filed a response in opposition and Plaintiffs filed a reply.  ECF Nos. 24, 25.  The Motion is ripe for adjudication.

## PARTIES' ARGUMENTS

Plaintiffs move this Court to strike twenty-three of the City's thirty-five affirmative defenses.  ECF No. 20.  Specifically, Plaintiffs seek to strike affirmative defenses: 1, 3, 7, 8, 9, 10, 11, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 28, 30, 32, and 35.  Plaintiffs argue that the defenses are either conclusory statements, mere recitations of law without any specific facts, or wholly insufficient as they do not provide fair notice as to the nature of the defenses.  Plaintiffs contend that none of the affirmative defenses meet the heightened pleading standard set forth by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

The City responds that Plaintiffs' Motion should be denied because it sufficiently pleaded its affirmative defenses to give Plaintiffs fair notice of the nature of each defense and grounds upon which it rests.  The City claims that this Circuit has adopted a less heightened standard for affirmative defenses and simply requires that they place the opposing party on notice.  The City asserts that it did just that.  In the event that this Court may find an affirmative defense to be insufficient, the City contends that the proper remedy is to consider the claim as a denial rather than to strike it.

## **DISCUSSION**

"An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." *Wright v. Southland Corp.*, 187 F.3d 1287, 1303 (11th Cir. 1999). "Courts have broad discretion in considering a motion to strike under Federal Rule of Civil Procedure 12(f) and striking a defense from a pleading is a drastic remedy generally disfavored by courts." *Lebron v. Royal Caribbean Cruises, Ltd.*, No. 16-24687-CIV-WILLIAMS/SIMONTON, 2017 WL 7792720, at *2 (S.D. Fla. Aug. 18, 2017), *report and recommendation adopted by* 2017 WL 7803805 (S.D. Fla. Sep. 27, 2017) (citations omitted). Motions to strike are generally denied "unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Simmons v. Royal Caribbean Cruises, LTD.*, 423 F. Supp. 3d 1350, 1352 (S.D. Fla. 2019) (quoting *Bank of Am., N.A. v. GREC Homes IX, LLC*, No. 13-21718-CIV-ALTONAGA, 2014 WL 351962, at *4 (S.D. Fla. Jan. 23, 2014)).

"[T]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "An affirmative defense must be stricken when the defense is comprised of no more than bare-bones, conclusory allegations or is insufficient as a matter of law." *GPM Indus., Inc. v. United States Citizenship and Immigration Servs.*¸ No. 21-24007-CIV-COOKE/DAMIAN, 2022 WL 6569655, at * 2 (S.D. Fla. July 15, 2022) (citing *Birren v. Royal Caribbean Cruises, Ltd.*, 336 F.R.D. 688, 692 (S.D. Fla. 2020)), *report and recommendation adopted by* 2022 WL 4181544 (S.D. Fla. Sept. 13, 2022).

"A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005) (citation omitted). Additionally, "a court must not tolerate shotgun pleading of affirmative defenses, and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint." *Id.* Accordingly, the court is to assess whether the defense is legally sufficient to provide "fair notice" of the nature of the defense when considering whether to strike it. *GPM Indus., Inc.,* 2022 WL 6569655, at * 2 (citation omitted).

Prior to considering the merits of the Motion to Strike, the undersigned must first determine what standard to apply. Plaintiffs contend that the heightened pleading standard announced in *Twombly* and *Iqbal* applies to affirmative defenses. On the other hand, the City contends that the heightened standard does not apply to affirmative defenses. Instead, Defendant argues that affirmative defenses simply need to be sufficient to put the opposing party on notice of the defense.

Currently, there is a split of authority among district courts in the Eleventh Circuit on the issue presented. "Courts have developed two schools of thought regarding the pleading standard required for affirmative defenses, and the Eleventh Circuit has not yet resolved the split in opinion." *Thompson v. Carnival Corp.*, No. 20-22217-CIV-WILLIAMS/TORRES, 2021 WL 7542956, at * 2 (S.D. Fla. May 24, 2021) (quoting *Ramnarine v. CP RE Holdco 2009-1*, LLC, No. 12-61716-CIV-ROSENBAUM, 2013 WL 1788503, at *1 (S.D. Fla. Apr. 26, 2013)). "On one hand, many courts have held that affirmative defenses are subject to the heightened pleading standard. . . . On the other

4

hand, some courts have held that the heightened pleading standard . . . only applies to the allegations in complaints – not affirmative defenses." *Id.* at 2–3 (collecting cases that apply both standards but ultimately finding that the heightened standard applies).

The undersigned finds that the less heightened standard applies and adopts the reasoning explained in *Ramnarine v. CP RE Holdco 2009-1, LLC*, which stated:

> Although this Court candidly confesses to finding the reasoning behind the cases applying the *Twombly* standard to the pleading of defenses to be inherently more appealing from a policy standpoint, in the end analysis, this Court is ultimately convinced of the correctness of the cases holding that the difference in the language between Rule 8(a) and Rules 8(b) and (c) requires a different pleading standard for claims and defenses. [T]he Eleventh Circuit has stressed providing notice as the purpose of Rule 8(c): [t]he purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it.

2013 WL 1788503, at *3 (internal quotations and citations omitted). Thus, the City's affirmative defenses will be found appropriately pleaded if the defenses give Plaintiffs notice of the claims Defendant will litigate.

Turning to the affirmative defenses, Plaintiffs contend that nearly all of the City's affirmative defenses are deficient. The undersigned disagrees. For example, Plaintiffs argue that the City's first affirmative defense, in which the City contends that Plaintiffs failed to exhaust federal, state, and local administrative remedies prior to bringing this action, is insufficient. Applying the less stringent standard discussed above, that is incorrect. The defense puts Plaintiffs on notice that the City intends to litigate whether Plaintiffs failed to exhaust their remedies prior to bringing this action. Thus, the defense is properly pleaded.

Another example is the City's seventh affirmative defense, which states that Plaintiffs cannot assert a prima facie case of race discrimination because they cannot

5

establish that less qualified individuals, who are not members of their respective class, were promoted. Once again, this defense puts Plaintiffs on notice of exactly what the City intends to litigate.

In regard to affirmative defenses 18, 19, 20, 21, 23, 24, 28, 30, and 35, the undersigned finds that these defenses, technically, do not meet the definition of an affirmative defense. However, these defenses may still be viewed as a type of denial. *See Ramnarine*, 2013 WL 1788503, at *4 ("The proper remedy when a party mistakenly labels a denial as an affirmative defense is not to strike the claim but instead to treat it as a specific denial."). Thus, the undersigned finds that these defenses should be properly seen as specific denials. The undersigned finds the remaining defenses that Plaintiffs take issue with to be properly pleaded and sufficient to put Plaintiffs on notice of what the City will litigate.

Therefore, the undersigned recommends that Plaintiff's Motion be DENIED.

## RECOMMENDATION

Based on the foregoing, the undersigned **recommends** that Plaintiffs' Motion, ECF No. 20, be **DENIED**.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND SUBMITTED** at Fort Lauderdale, Florida this 9th day of May 2023.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Honorable Roy K. Altman

All Counsel of Record